LABORDE, Judge.
Defendant, Betty Ardoin, was charged on March 28, 1984, by a grand jury with three (3) counts of distribution of a controlled dangerous substance classified in Schedule II, to wit: pentazocine, a violation of La.R.S. 40:967 A(l). On December 5, 1984, a twelve person jury found defendant guilty as charged on all three counts. For Count 1, the trial court sentenced the defendant to serve four (4) years at hard labor without benefit of probation, parole, or suspension of sentence. For the second count, the trial court sentenced the defendant to serve four (4) years at hard labor without benefit of probation, parole, or suspension of sentence. This sentence is to *1313 run consecutively with that of Count 1. For Count 3, the defendant was sentenced to serve four (4) years at hard labor without benefit of probation, parole, or suspension of sentence. This sentence is to run concurrently with the sentence for Count 1.
The defendant filed a motion of appeal for her conviction and sentence and filed two (2) assignments of error; however, she failed to file a brief in this matter. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). Accordingly, appellate review is limited to error that is discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. art. 920.
A careful examination of the record reveals no errors patent on the record. The conviction and sentence imposed are affirmed. (See Appendix A).
AFFIRMED.
APPENDIX A
ERROR PATENT REVIEW
Defendant was charged by a grand jury on March 28, 1984. The indictment was signed by the foreman and is proper in form.
On April 16, 1984, defendant waived the reading of the bill of indictment, pled not guilty to all counts, and requested a trial by jury. The court minutes reflect that defendant and defense counsel were present at all preliminary matters, during jury selection, throughout the entire trial and at the time judgment was rendered.
Defendant was charged with violations of LSA-R.S. 40:967A(l) which requires a twelve (12) person jury, ten (10) of whom must concur to render a verdict of guilty. Defendant was tried by a twelve (12) person jury, ten (10) of whom agreed to the verdict of guilty of three (3) counts of violating LSA-R.S. 40:967A(l). The verdict was responsive to the charges.
On December 12, 1984, more than three (3) days after the conviction, the trial court sentenced the defendant. For Count 1, the defendant was sentenced to serve four (4) years at hard labor without benefit of probation, parole, or suspension of sentence. For Count 2, she was sentenced to serve four (4) years at hard labor without benefit of probation, parole, or suspension of sentence. This sentence is to run consecutively with the sentence for Count 1. For Count 3, the defendant was sentenced to serve four (4) years at hard labor without benefit of probation, parole, or suspension of sentence. This sentence is to run concurrently with the sentence for Count 1. These sentences are reflected in the minutes and fall within the statutory mandates of LSA-R.S. 40:967.
There is no question presented herein as to the constitutionality of LSA-R.S. 40:967. The trial court committed no errors patent on the record.